UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

In Re: MATTHEW C. HARLANDER;
and STACEY L. HARLANDER,

Debtors.

HARRIS-COURAGE & GRADY, PLLC,

Appellant,

-against-                                                                                  5:12-CV-1700 (LEK)

UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN
DISTRICT OF NEW YORK UTICA
DIVISION,

Appellee.

## **DECISION and ORDER**

**I.      INTRODUCTION**

Harris-Courage & Grady, PLLC ("Appellant"), as counsel for Matthew and Stacey Harlander ("Debtors"), the Chapter 13 Debtors below, appeal a decision of the U.S. Bankruptcy Court for the Northern District of New York denying Appellant's motion to reconsider an order denying Appellant's costs incurred in connection with Debtors' motion to modify their Chapter 13 bankruptcy plan. Dkt. No. 1-2 at 1. For the following reasons, the decision of the bankruptcy court is affirmed.

**II.     BACKGROUND**

On July 29, 2010, Appellant filed a Chapter 13 bankruptcy plan on behalf of Debtors. Dkt. No. 1-1 at 2; Dkt. No. 2-1 at 1. Soon after, Debtors' plan was confirmed by the Honorable Diane

Davis, U.S. Bankruptcy Judge for the Northern District of New York, Utica Division. Dkt. No. 1-1 at 3. Prior to filing, Debtors agreed to pay Appellant a total flat fee of $3,700.00 for all legal services. Dkt. No. 2 at 1. Debtors' plan required payment of $290.00 per month to the Chapter 13 Trustee for 60 months. Dkt. No. 2-1 at 1.

On or about March 5, 2012, after approximately 19 months of payment into their plan, Debtors had paid the Chapter 13 Trustee $4,930.00. Dkt. No. 2-6 at 1. At that point, Debtors began having difficulty keeping up with the required payments. Id. As a result, Appellant filed a motion to modify Debtors' plan with the bankruptcy court. Dkt. No. 1-1 at 4. The motion included an amended Chapter 13 plan, which decreased the monthly payments to the Chapter 13 Trustee from $290.00 to $100.00. Dkt. No. 2-5 at 1. The motion also included a request that Appellant be reimbursed $99.00 for costs associated with filing the motion. Id. The bankruptcy court accepted the amended plan on July 5, 2012, when Judge Davis issued an order modifying Debtor's plan. Dkt. No. 2-12 at 1. However, Judge Davis denied Appellant's request for reimbursement of costs. Id.

As required by Local Bankruptcy Rule 3015-4, these costs were incurred in mailing notice of the motion to modify to 44 recipients, including 41 creditors, the Chapter 13 Trustee, the U.S. Trustee, and the bankruptcy court. Dkt. No. 6 at 5. The costs included $61.60 for copies (at $.20 per page for 308 copies or 7 pages per recipient),[1] $8.80 for envelopes (at $0.20 per recipient), and $28.60 for postage (at $0.65 per recipient). Dkt. Nos. 6 at 5; 2-9 at 1-2.

Judge Davis provided no explanation as to why the costs were denied. Dkt. No. 2-12 at 1. Appellants filed a motion to reconsider. Dkt. No. 2-13 at 1-2. Judge Davis denied the motion,

---

[1] Local Bankruptcy Rule 2016-1(c)(1)(A) establishes that a rate of $0.20 per page for copies is reasonable.

2

stating "that Debtors' case was a usual Chapter 13 case of the type contemplated by the Administrative Order and, thus, no basis existed for an award of costs in addition to the approved Flat Fee." Id. Appellant subsequently appealed. See Dkt. Nos. 5; 6. Sometime after the motion to reconsider was denied, Debtors' bankruptcy proceeding was converted from one under Chapter 13 to one under Chapter 7.

**III. STANDARD OF REVIEW**

On appeal, a district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. County of Clinton v. Warehouse at Van Buren St., Inc., No. 12-CV-1636, 2013 WL 2145656, at *1 (N.D.N.Y. May 15, 2013) (citing R2 Invs., LDC v. Charter Commc'ns, Inc. (In re Charter Commc'ns, Inc.), 691 F.3d 476, 483 (2d Cir. 2012)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Following review, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013.

**IV. DISCUSSION**

The issue to be decided is whether Appellant's mailing costs are covered by Administrative Orders 09-07 ("Order 09-07") and 13-02 ("Order 13-02") and, thus, included in Appellant's flat fee. 11 U.S.C. § 330(a)(1)(B); Dkt. No. 2-20 at 1.

During the pendency of this case in the bankruptcy court the Local Bankruptcy Rules changed, requiring Appellant to incur greater expenses. L.B.R. 3015-4. Having agreed previously to a flat fee, Appellant applied for additional expenses of $99.00 to the bankruptcy court. Dkt. 2-5

at 1. Citing Order 09-07, the bankruptcy court denied Appellant's application for expenses, finding no basis to award costs in addition to the approved flat fee of $3,700.00. Dkt. Nos. 2-12 at 1; 2-18 at 2. Order 09-07 states that a flat fee is "for all services rendered and to be rendered in connection with the case in accordance with the . . . *Rights and Responsibilities of Chapter 13 Debtors and their Attorneys*" ("Responsibilities") attachment. Dkt. No. 2-20 at 1. The Responsibilities attachment specifies that by accepting a flat fee, the attorney agrees to "[p]repare, file, and serve necessary modifications to the plan which may include suspending, lowering, or increasing [Chapter 13] plan payments" and "[p]repare, file, and serve such motions as are needed during the case including, but not limited to, motions to modify plan." BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF NEW YORK, UTICA DIVISION, RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 DEBTORS AND THEIR ATTORNEYS (2009), http://www.nynb.uscourts.gov/sites/default/files/forms/RtsAndRespons.pdf. Furthermore, as of April 1, 2013, Amended Administrative Order 13-02 ("Order 13-02") became retroactively effective for all Chapter 13 cases filed with the Utica Division bankruptcy court, superseding Order 09-07. Order 13-02 amends and "clarif[ies]" the requirements and intent of Order 09-07. AMENDED ADMINISTRATIVE ORDER 13-02, DEBTOR'S ATTORNEY FEE IN CHAPTER 13 CASES FILED IN THE UTICA DIVISION, https://www.nynb.uscourts.gov/sites/default/files/ AdminOrders/Amended%20AO_13_02.pdf. Order 13-02 states, "[the] Flat Fee includes ordinary and reasonable costs incurred in connection with notice and service of routine matters for which representation is required during the case." Id.

The Court finds that the mailing costs incurred by Appellant were included in the flat fee contemplated by Orders 09-07 and 13-02 because these costs were ordinary and reasonable and

4

incurred in connection with the service of a routine modification order.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the October 3, 2012, decision of the bankruptcy court (Dkt. No. 2-18) is

**AFFIRMED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated: August 19, 2013
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge